IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Madeline Brown Tanner, | ) | C/A No. 2:10-1750-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Madeline Brown Tanner, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be reversed and remanded. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

S<span>TANDARD OF</span> R<span>EVIEW</span>

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of May 25, 2007 due to neck, back,

and left shoulder pain; fibromyalgia; and depression. The plaintiff was 45 years old at the time she alleges she became disabled. She has bachelors degree, with additional hours towards her Masters degree, and she has prior work experience as a teacher.

The plaintiff's application for DIB, filed October 7, 2007, was denied initially and upon reconsideration. The ALJ held a hearing and issued a decision on October 15, 2009, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on July 6, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date, May 25, 2007. At steps two and three, the ALJ found that plaintiff's myofascial pain syndrome, fibromyalgia, bursitis, back and neck pain, depression, and PTSD were "severe" impairments, but that she did not have an impairment or combination of impairments that met or equaled a listing at 20 C.F.R. pt. 404, subpt. P, app. 1 (the "Listings"), so as to render her per se disabled. The ALJ proceeded to assess plaintiff's residual functional capacity (RFC) by evaluating all of the evidence of record. He concluded that plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, and that she had the RFC to perform "light" work as defined in 20 C.F.R. § 404.1567(b), except that she is limited to simple, routine tasks; occasional public contact;

4

frequent reaching with the left upper extremity and gross manipulation; frequent balancing, stooping, and climbing of ramps and stairs; occasional kneeling, crouching, and crawling; and no climbing of ladders, ropes, or scaffolds or concentrated exposure to hazards. At step four, the ALJ found that this RFC precluded plaintiff from performing her past skilled work as a teacher. Relying on vocational expert VE testimony at step five, the ALJ found that there were other jobs existing in significant numbers in the national economy plaintiff could perform, including office helper and mail worker. Thus, the ALJ concluded that plaintiff was not disabled under the Act.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)   failing to properly consider the opinions of the plaintiff's treating physicians, Dr. Holdren and Dr. Page;

(2)   assessing the plaintiff's credibility; and

(3)   failing to properly consider the combined effects of the plaintiff's impairments.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge's Report concludes that the ALJ did not err in assessing the plaintiff's credibility, nor did he err in failing to properly consider the combined effects of plaintiff's impairments. With regard to the opinions offered by the two treating physicians (Drs. Holdren and Page), the Magistrate Judge issues a split decision. Specifically, the Magistrate Judge is of the opinion that the ALJ's decision to reject the opinion of Dr. Page was supported in the record, but that the ALJ failed to properly account for the reasons that he did not give more weight to the opinions of Dr. Holdren. On this sole issue, the

Magistrate Judge recommends that the case should be remanded for further consideration.

## DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Commissioner's Objections to the Report*

The Commissioner's objections take issue with the Magistrate Judge's analysis of the Holden testimony. The Commissioner has not objected to the remaining portions of the Report and therefore the court accepts those portions of the Report and Recommendation without further discussion.

As to the one issue upon which the remand is recommended by the Magistrate Judge, the court has carefully studied the entire record in this case and is constrained to agree with the Magistrate Judge that the ALJ did not, in fact, properly explain his reasons for discounting the testimony of Dr. Holden.

According to the ALJ, he gave Dr. Holden's testimony little weight because she "did not provide a reasonable basis for the assessment." In fairly conclusory terms, the ALJ concluded that (1) findings during her course of treatment did not support the disability opinion; and that (2) the opinion was inconsistent with the remainder of the evidence. The Magistrate Judge first notes that the ALJ does not specifically acknowledge that Holdren is a treating physician and also points out that the ALJ gave very little explanation as to why

6

he failed to credit the Holden testimony.

It is well settled that the medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. *See* 20 CFR 416.927(d)(2)( 2004); *Maestro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

Dr. Holden is a pain specialist who treated the plaintiff from July 20, 2006 through November 7, 2008. The Magistrate Judge notes that the parties seem to agree that Dr. Holden is a treating physician as contemplated by the regulations and the case law.

Finally, the Magistrate Judge suggests that the opinion of Dr. Holden is not as slight as the ALJ might have characterized it. Specifically, Dr. Holden identifies the specific disabling conditions, indicates that they require monthly and medicinal treatment, identifies them as chronic, and concludes that they will not improve. The Magistrate Judge points out that not a single item of this description is either discussed or abutted by the ALJ.

The Magistrate Judge also suggests that the ALJ did not expound upon any perceived inconsistencies between the Holdren testimony and that from other sources in the record. Of course, because the ALJ did not identify the other sources with which the Holden testimony is inconsistent, the Magistrate Judge suggests that she cannot measure the extent of the inconsistencies.

The objection memo filed by the Commissioner basically consists of a reassertion of the arguments made to, and rejected by, the Magistrate Judge. The Commissioner's brief makes a gallant effort at a post hoc rationalization of the ALJ's ultimate conclusion. But, as pointed out by the Magistrate Judge, this court cannot accept the post hoc rationale of the

defendant now. *See Golembiewski v. Barnhart*, 322 F.3d 912, 915–16 (7th Cir. 2003). In other words, if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ.

The court agrees with the Magistrate Judge that a remand for further consideration is appropriate in this case and the Report is adopted herein by reference. Accordingly, the Commissioner's decision is reversed and this action remanded to the Commissioner for further proceedings as set forth herein.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the defendant's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is reversed and this action is remanded to the Commissioner for further action in accordance with this order and the Report.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 19, 2011　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge